```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**CYRIL JOHN BAUER,**

                      **Petitioner,**

      v.                                  CASE NO. 08-3105-RDR

**UNITED STATES OF AMERICA, et al.,**

                      **Respondents.**


**O R D E R**

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2241, filed pro se by an inmate incarcerated in the Federal Prison Camp in Leavenworth, Kansas. Having examined the petition, the court enters the following findings and order.

Petitioner states he was convicted in December 2007 in the United States District Court for the District of Minnesota on charges of bankruptcy fraud and money laundering, and that the sentencing court ordered him to pay a $250,000 fine and $17,969,12 in restitution. Petitioner further states he is in the process of appealing from that conviction and sentence.

In the present action, petitioner claims he was denied due process by the district court's failure to consider petitioner's financial ability to pay before imposing the fee and restitution amounts. Petitioner also claims his trial counsel was ineffective in failing to challenge the fine and restitution order, and in failing to investigate or obtain detailed information about petitioner's financial resources.

This court has no jurisdiction under 28 U.S.C. § 2241 to consider these claims.

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 embodies the traditional habeas corpus remedy, allowing an inmate to collaterally attack his confinement. *See* United States v. Hayman, 342 U.S. 205, 211-13 (1952).[1] However, to the extent petitioner essentially seeks modification of an order for restitution in a federal criminal proceeding in another district court, this request must be addressed to that court either through a direct appeal or through any appropriate post-conviction motion. Section 2241 does not provide petitioner with an alternative route for obtaining federal review of his claims. The Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

Additionally, the present application does not fall within the plain language of 28 U.S.C. § 2241 because petitioner is not seeking

---

[1] Although Congress enacted 28 U.S.C. § 2255 to create a remedy which "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention," Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964), courts have found that remedy does not afford relief where a challenge to the legality of a restitution order does not encompass a claim of entitlement to release. *See e.g.*, Kaminski v. United States, 339 F.3d 84, 87 (2nd Cir.)(citing cases), *cert. denied*, 540 U.S. 1084 (2003); and U.S. v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003)(citing cases), *cert. denied*, 541 U.S. 1000 (2004). *See also* U.S. v. Satterfield, 218 Fed.Appx. 794, 796 (10th Cir. Feb. 28, 2007)(citing Bernard); and United States v. Porter, 2007 WL 2490913 (D.Kan. Aug. 30, 2007)(no jurisdiction under 28 U.S.C. § 2255 to grant prisoner's request for correction of amount of restitution, noting limited statutory provisions in 18 U.S.C. § 3664(k) that allow amendment of a Restitution Order).

relief on allegations that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). While this court has jurisdiction under § 2241 over the execution of petitioner's confinement within its judicial boundaries, it is patently obvious that this court has no jurisdiction to alter sentencing orders entered in a criminal case in another judicial district.

Finally, because petitioner makes no showing that the remedy afforded under 28 U.S.C. § 2255 is inadequate or ineffective to consider petitioner's allegations of ineffective assistance of counsel, this court has no jurisdiction under 28 U.S.C. § 2241 to consider any such claim.

The court thus directs petitioner to show cause why the petition should not be dismissed without prejudice because this court lacks jurisdiction under 28 U.S.C. § 2241 to consider petitioner's claims. The failure to file a timely response may result in the petition being dismissed for the reasons stated herein, and without further prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days from the date of this order to show cause why the petition for a writ of habeas corpus under 28 U.S.C. § 2241 should not be dismissed without prejudice for lack of jurisdiction.

DATED: This 7th day of July 2008, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge